UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Karol Tussing                                          Case No.  3:23-cv-2270
*as the Personal Representative and*
*Administratrix of the Estate of Owen Tussing,*

        Plaintiff,

    v.                                                     MEMORANDUM OPINION
                                                                           AND ORDER

Trilogy Healthcare of Huron, LLC,

        Defendant.

## I.  INTRODUCTION

Defendant Trilogy Healthcare of Huron, LLC has moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) with respect to part of Plaintiff Karol Tussing's Complaint.[1]  (Doc. No. 14).  Tussing submitted a brief in opposition.  (Doc. No. 16).  Trilogy filed a brief in reply.  (Doc. No. 17).  For the reasons stated below, I grant the motion in part and deny it in part.

---

[1]  Trilogy invokes Rule 12(b)(6), not Rule 12(c), in its motion.  (*See* Doc. No. 14 at 4-5).  "A motion to dismiss under Rule 12(b)(6) requires the moving party to request judgment in a pre-answer motion or in an answer.  A motion for judgment on the pleadings under Rule 12(c) may be submitted after the defendants filed an answer."  *Hunter v. Ohio Veterans Home*, 272 F. Supp. 2d 692, 694 (N.D. Ohio 2003).  Trilogy filed an Answer to Tussing's Complaint on December 19, 2023, and it did not move to dismiss Tussing's Complaint at that time.  (Doc. No. 5).  It filed this motion on June 5, 2024, six months later.  (Doc. No. 14).  So, "[b]ecause the pleadings had been filed at the time defendant made its motion," I "view[] this motion as one made pursuant to Rule 12(c)."  *Ruppe v. Knox Cnty. Bd. of Educ.*, 993 F. Supp. 2d 807, 809 (E.D. Tenn. 2014) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 n.1 (6th Cir. 1988)).  As I explain below, the legal standards for these two motions are the same.

## II. BACKGROUND

Plaintiff's decedent, Owen Tussing, was a patient at The Willows at Willard, a nursing home owned by Trilogy, from June 4, 2022 to June 18, 2022. (Doc. No. 1 at 2). As a result of allegedly deficient care, Owen suffered a fall causing broken bones, traumatic brain injury, and other injuries. (*Id.*). With these injuries as a contributing cause, he died on June 25, 2022. (*Id.*)

Karol sued Trilogy on November 22, 2023 on behalf of Owen. (Doc. No. 1).[2] She brought four claims: 1) "Negligence," 2) "Wrongful Death," 3) "Punitive Damages Against Defendants," and 4) "Nursing Home Resident Rights Violation Pursuant To R.C. § 3721.13." (Doc. No. 1).

## III. STANDARD

A motion for judgment on the pleadings filed under Rule 12(c) of the Federal Rules of Civil Procedure is subject to the same standard as a Rule 12(b)(6) motion to dismiss. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). Rule 12(b)(6) provides for the dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court must accept as true all of the factual allegations contained in the complaint when ruling on a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted)).

The plaintiff must offer more than conclusory allegations or legal conclusions masquerading as factual allegations. *Twombly*, 550 U.S. at 555 (The complaint must contain something more than "a formulaic recitation of the elements of a cause of action."). A complaint must state sufficient

---

[2] For clarity, I refer to Karol Tussing as "Karol" and Owen Tussing as "Owen."

facts which, when accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and requires the complaint to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct).

Courts must read Rule 12(b)(6) in conjunction with Rule 8(a)(2)'s requirement that a plaintiff need offer "only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 555); *see also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295-96 (6th Cir. 2008). The court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case[,] and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

### IV.  ANALYSIS

Trilogy seeks to dismiss the negligence, punitive damages, and § 3721.13 claims.[3] (*See* Doc. No. 14 at 1). It does not seek to dismiss the wrongful death claim. (*See id.*; Doc. No. 1 at 3). Trilogy argues the negligence and punitive damages claims are untimely. (*See* Doc. No. 14 at 7). It also argues the § 3721.13 claim must be dismissed because the Complaint fails to allege Trilogy's conduct violated the applicable duty of care. (*See* Doc. No. 14 at 10-11).

#### A.  NEGLIGENCE AND PUNITIVE DAMAGES CLAIMS

The parties agree that the negligence and punitive damages claims are "medical claims" under Ohio law, which means they are subject to the one-year statute of limitations in Ohio Revised

---

[3] Two of the four causes of action in Plaintiff's Complaint are captioned, "Claim Three:" the punitive damages claim and the Ohio Revised Code § 3721.13 claim. (*See* Doc. No. 1 at 3-4). For clarity, I refer to the claims by their content, not their numerical label.

Code § 2305.113. (*See* Doc. No. 14 at 5; Doc. No. 16 at 4-5). *See* Ohio Rev. C. § 2305.113(A). That limitations period begins to run "(1) when the patient discovers, or in the exercise of reasonable care and diligence should have discovered, the resulting injury, or (2) when the physician-patient relationship terminates, whichever occurs later." *Akers v. Alonzo*, 605 N.E.2d 1, 3 (Ohio 1992).

For purposes of this opinion—and drawing reasonable inferences in Karol's favor—I will treat June 25, 2022, the date of Owen's death, as the date on which the negligence and punitive damages claims accrued. Karol thus had until June 25, 2023, at the very latest, to sue Trilogy. But she filed her lawsuit on November 22, 2023, more than four months after that one-year period elapsed. (*See* Doc. No. 1). So, these claims are untimely.

Ohio Revised Code § 2305.113 also has a provision allowing a prospective plaintiff to extend their time to file a lawsuit by up to 180 days "[i]f prior to the expiration of the one-year period . . . a claimant . . . gives to the person who is the subject of that claim written notice that the claimant is considering bringing an action upon that claim." Ohio Rev. C. § 2305.113(B)(1). A person seeking the 180-day extension "shall give that notice by sending it by certified mail, return receipt requested, addressed" to the person's residence, the person's professional practice, the person's employer, or the business address of the person on file with the state agency that issued the person's license. Ohio Rev. C. § 2305.113(B)(2).

In its motion, Trilogy refers to a purported "180-day letter" it received from Karol and argues that even if I were to consider this letter, it does not make the negligence and punitive damages claims timely because Karol did not "give[] notice" to Trilogy before the one-year period "expire[d]." (*See* Doc. No. 14 at 8-10). Trilogy appears to have included this argument because, "based on meet and confer efforts with Plaintiff's counsel prior to filing," it believed Karol would argue the 180-day letter makes the negligence and punitive damages claims timely. (*Id.* at 8). Trilogy did not attach this letter as an exhibit to its motion.

4

The Complaint does not allege Karol sent Trilogy such a letter, nor does it refer to the existence of such a letter. (*See* Doc. No. 1). Karol did attach a copy of a letter related to Owen's death as an exhibit to her brief in opposition. (*See* Doc. No. 16-1). But she argues I should *not* consider the letter because "Plaintiff's letter is likewise not attached to Plaintiff's Complaint" and "[t]he Court cannot consider matters outside the four corners of Plaintiff's [Complaint] without converting the motion to dismiss into a motion for summary judgment and providing the Plaintiff an opportunity to conduct discovery." (Doc. No. 16 at 3). Karol asks me to decide Trilogy's motion without considering the 180-day letter, and Trilogy agrees I need not consider it to decide the motion. (*See* Doc. No. 16 at 3-4; Doc. No. 17 at 1-2).

The purported 180-day letter is outside the pleadings because it is not "referred to in the Complaint and [] central to the claims contained therein." *Bassett*, 528 F.3d at 430. And because neither party has asked me to do so, I decline to convert Trilogy's motion for judgment on the pleadings into a motion for summary judgment. *Cf. Bates v. Green Farms Condominium Assoc.*, 958 F.3d 470, 483 (6th Cir. 2020) (explaining that a litigant may not "attach evidence to the opposition brief and then demand time for discovery" as a way to "sidestep meritorious motions for judgment on the pleadings under Rule 12(c)"). So, I will not consider the letter. Accordingly, based on the allegations in the Complaint, I dismiss the negligence and punitive damages claims because they are untimely.[4]

---

[4] Trilogy frames its arguments about the 180-day letter as an attempt "to preemptively rebut any of Plaintiff's attempts to seek amendment to the Complaint as an alternative remedy," suggesting that "any attempt to amend her Complaint would be futile." (Doc. No. 17 at 2). But it would be "premature" to consider these arguments, since they rely on evidence outside the pleadings and on assumptions about the content of an amended complaint that is not in the record. *Estep v. Combs*, 366 F. Supp. 3d 863, 888 (E.D. Ky. 2018) (rejecting an argument at the Rule 12 stage because it was based on evidence outside the pleadings). So, I decline to consider Trilogy's alternative arguments.

### B.  OHIO REVISED CODE § 3721.13 CLAIM

Trilogy argues I should dismiss the claim based on a violation of Ohio Revised Code § 3721.13 because "[n]owhere in Count Four of Plaintiff's Complaint does Plaintiff allege Defendant acted with negligent conduct of any kind." (Doc. No. 14 at 11). (*See* Doc. No. 17 at 10-11). Karol concedes that "the statute requires finding a negligent act" but argues that "the negligent acts are alleged in Claim One"—the negligence claim—and the statutory claim "flows from Plaintiff's claims for negligence and wrongful death." (Doc. No. 17 at 9-10).

Under § 3721.13, a nursing home resident possesses 36 enumerated rights related to their care and living environment. Ohio Rev. C. § 3721.13. As Karol asserts in her Complaint, this includes "the right to a safe and clean living environment" and "the right to adequate and appropriate medical treatment and nursing care." Ohio Rev. C. § 3721.13(A)(1), (3). (*See* Doc. No. 1 at 4). A resident of a nursing home "whose rights under sections 3721.10 to 3721.17 . . . are violated has a cause of action against any person or home committing the violation." Ohio Rev. C. 3721.17. Where, as here, a nursing home resident files a lawsuit under §§ 3721.13 and 3721.17 seeking compensatory damages, they must show "that the violation of the resident's rights resulted from a negligent act or omission of the person or home and that the violation was the proximate cause of the resident's injury, death, or loss to person or property." Ohio Rev. C. § 3721.17(G)(2)(a).

The section of the Complaint alleging a cause of action based on a violation of § 3721.13 states:

> "Plaintiff restates and realleges Paragraphs 1 through 19 of her Complaint as if fully set forth herein. . . . Defendant, directly or through its employees and/or agents, violated Owen Tussing's rights as a resident of the Defendant's facility, as enumerated in R.C. § 3721.13, including, but not limited to, the right to a safe environment and to have adequate and appropriate medical treatment and nursing care. . . . These violations constitute negligence per se and give rise to a statutory cause of action. . . . As a direct and proximate result of Defendant's violations of

6

   R.C. § 3721.13, Owen Tussing endured personal injury, conscious pain and suffering,
   permanent injury, death, and was otherwise harmed."

(Doc. No. 1 at 4).

   In Paragraphs 10 and 11 of her Complaint, which she incorporates by reference into her § 3721.13 claim, Karol alleges Trilogy "owed a duty of care to Plaintiff to meet the applicable standard of care for a reasonable rehabilitation and nursing facility in the same or similar circumstances" and "breached that standard of care" by failing to prevent Owen from falling, failing to prevent him from suffering injuries, failing to properly treat him, and "otherwise acting negligently during the treatment of Owen Tussing." (Doc. No. 1 at 2-3). So, Karol alleges Trilogy committed "negligent act[s] or omission[s]" in failing to prevent Owen's fall and resulting injuries, and she alleges these negligent acts violated Owen's rights to a safe environment and to adequate and appropriate medical treatment under § 3721.13. Ohio Rev. C. § 3721.17(G)(2)(a). *See Cunning v. Windsor House, Inc.*, 208 N.E.2d 246, 262 (Ohio Ct. App. 2023) (affirming a jury verdict where a "claim for medical negligence and violations of [§ 3721.13] both concern[ed] the same injury"). Reading the Complaint as a whole, and drawing reasonable inferences in Karol's favor, I conclude Karol has alleged Trilogy violated Owen's rights under § 3721.13 through its negligent acts or omissions.

   Trilogy spotlights the mention of "negligence per se" in the section of Tussing's Complaint outlining the § 3721.13 claim. It argues the inclusion of this phrase dooms the claim because a negligence *per se* claim is not available for violations of § 3721.13. (*See* Doc. No. 17 at 4). Trilogy's statement of the law is correct: § 3721.17 forecloses a negligence *per se* claim for violations of § 3721.13. *Altercare of Mayfield Vill., Inc. v. Berner*, 86 N.E.2d 649, 656 (Ohio Ct. App. 2017). *See* Ohio Rev. C. § 3721.17(G)(2)(a).

   But Trilogy's method of construing the Complaint is impermissibly "crabbed." *Coley v. Lucas Cnty.*, 799 F.3d 530, 543 (6th Cir. 2015). Rather than read the portion outlining the § 3721.13 claim in isolation, as Trilogy would prefer, I must instead "look to the complaint 'as a whole' to see if it

7

provides 'sufficient notice' of the claim" Karol pursues. *Coley*, 799 F.3d at 543 (quoting *Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001)). Here, she has "included a statement by which [she] 'reincorporate[d] and realleged[d] preceding statements and allegations as if expressly set forth herein.'" *Coley*, 799 F.3d at 543 (quoting the plaintiffs' complaint). As I have already explained, the "preceding statements" include an allegation that Trilogy negligently failed to prevent and failed to treat Owen's fall. When viewed in light of these settled principles of pleadings construction, Karol's Complaint plausibly alleges Trilogy committed negligent acts or omissions and breached its duty of care to Owen, in violation of Owen's rights under § 3721.13. I decline to dismiss this claim.

## V.     CONCLUSION

For the reasons stated above, I grant in part and deny in part Trilogy's motion for judgment on the pleadings. (Doc. No. 14). The negligence and punitive damages claims are dismissed. At this stage of the case, the wrongful death and Ohio Revised Code § 3721.13 claims remain. In addition, I extend the deadline to amend the pleadings and add parties until 21 days after the issuance of this Memorandum Opinion and Order.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge